XAVIER BECERRA
Attorney General of California
SATOSHI YANAI
Supervising Deputy Attorney General
SARAH E. BELTON
LEE I. SHERMAN
LISA C. EHRLICH (SBN 270842)
Deputy Attorneys General
  1515 Clay Street, 20th Floor
  P.O. Box 70550
  Oakland, CA  94612-0550
  Telephone:  (510) 879-0173
  Fax:  (510) 622-2270
  E-mail:  Lisa.Ehrlich@doj.ca.gov
*Attorneys for Plaintiff State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STATE OF CALIFORNIA,**<br><br>Plaintiff,<br><br>**v.**<br><br>**UNITED STATES DEPARTMENT OF JUSTICE and OFFICE OF JUSTICE PROGRAMS,**<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## INTRODUCTION

1.      Plaintiff State of California, by and through Attorney General Xavier Becerra, ("Plaintiff") seeks injunctive, declaratory, and other appropriate relief against the United States Department of Justice ("USDOJ") and USDOJ's Office of Justice Programs ("OJP") to remedy OJP's violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

2.      On September 8, 2017, Plaintiff sent a written request to OJP ("the Request"), seeking, pursuant to FOIA, specified records concerning: (a) the process OJP has undertaken to

add immigration enforcement related conditions and certification requirements for the Edward Byrne Memorial Justice Assistance Grant Program ("JAG"); and (b) OJP's decision and statements surrounding the requirement that the California Board of State and Community Corrections ("BSCC") submit a legal opinion verifying compliance with 8 U.S.C. § 1373 ("Section 1373").

3.      Plaintiff's Request asks for information about the process for including three immigration enforcement related conditions that USDOJ and OJP have only recently added to the JAG program.  First, to receive a JAG award, state jurisdictions must have a "State statute, or a State rule, -regulation, -policy, or -practice . . . in place that is designed to ensure that": (A) "agents of the United States acting under color of federal law in fact are given access to any State (or State-contracted) correctional facility for the purpose of permitting such agents to meet with individuals who are (or are believed by such agents to be) aliens and to inquire as to such individuals' right to be or remain in the United States" (the "access condition").  Second, "when a State (or State-contracted) correctional facility receives from DHS a formal written request authorized by the Immigration and Nationality Act that seeks advance notice of the scheduled release date and time for a particular alien in such facility, then such facility will honor such request and as early as practicable . . . provide the requested notice to DHS" (the "notification condition").  Third, jurisdictions must certify compliance with 8 U.S.C. § 1373, a statute that prohibits restrictions on sharing immigration or citizenship status information (the "Section 1373 condition").  The State of California is separately challenging all three of these conditions.  *See State of California, ex rel. Xavier Becerra v. Sessions*, No. 17-cv-4701 (N.D. Cal., filed Aug. 14, 2017).

4.      OJP has failed to comply with FOIA.  OJP did not substantively respond to Plaintiff's Request within the statutorily prescribed time limit, did not provide Plaintiff with a determination of the scope of the documents it would produce and the exemptions it would claim, failed to produce any documents to Plaintiff, and has not claimed any exemptions allowing it to withhold documents.  Nor has OJP responded to Plaintiff's request for a fee waiver.

5.      The State is concerned with OJP's lack of transparency in explaining the need for these conditions, how these conditions relate to the purpose that Congress intended when creating the JAG program, and OJP's purported authority for imposing these conditions.  The State is concerned that OJP did not consider the harm that compliance with these conditions may cause to some state and local jurisdictions that have determined such policies would undermine trust and cooperation between law enforcement and their residents, and therefore, public safety in their jurisdictions.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this matter pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B), and as a federal question under 28 U.S.C. § 1331.

7.      This Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

8.      Because OJP did not provide Plaintiff with a determination of the scope of the documents it would produce and the exemptions it would claim within 30 working days of receiving Plaintiff's September 8, 2017 Request, Plaintiff is deemed to have exhausted its administrative remedies and may now seek judicial review.  5 U.S.C § 552(a)(6)(C)(i).

9.      Venue is proper under 5 U.S.C. § 522(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

## INTRADISTRICT ASSIGNMENT

10.     Assignment to the San Francisco Division of this District is proper pursuant to Civil Local Rule 3-2(c)-(d) because Plaintiff and Defendant USDOJ both maintain offices in the District in San Francisco.

## PARTIES

11.      Plaintiff State of California brings this action by and through Attorney General Xavier Becerra.  Under the California Constitution, the Attorney General of California is the chief law officer of the state and has the power, among other things, to file any civil action or proceeding directly involving the rights and interests of the State.  Plaintiff is a "person" authorized to request records from a federal agency pursuant to FOIA.  5 U.S.C. § 551(2) (defining a "person" to include "an individual, partnership, corporation, association, or public or

3

private organization"); 5 U.S.C. § 552(a)(3). The Attorney General and the State of California have offices at 455 Golden Gate Avenue, San Francisco, California, and at 1515 Clay Street, Oakland, California.

12. Defendant United States Department of Justice is an executive department of the United States of America pursuant to 5 U.S.C. § 101, and a federal agency within the meaning of 5 U.S.C. § 551(1) and 28 U.S.C. § 2671. USDOJ oversees the component agency from which Plaintiff seeks records. USDOJ has offices at 450 Golden Gate Avenue, San Francisco, California.

13. Defendant Office of Justice Programs is an authority of the Government of the United States and is therefore an "agency" required to comply with FOIA. 5 U.S.C. § 551(1). The OJP oversees the disbursement of certain federal grants to federal, state, local, and tribal justice systems. Its headquarters is located at 810 Seventh Street NW, Washington, DC 20531.

**STATUTORY FRAMEWORK**

14. FOIA promotes open government by providing every person with a right to request and receive federal agency records. 5 U.S.C. § 552(a)(3)(A).

15. In furtherance of its purpose to encourage open government, FOIA imposes strict deadlines on agencies to provide responsive documents to FOIA requests. *Id.* § 552(a)(6)(A).

16. An agency must comply with a FOIA request by issuing a determination within 20 business days after receipt of the request. *Id.* § 552(a)(6)(A)(i).

17. The determination "must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 186 (D.C. Cir. 2013).

18. An agency may be entitled to one ten-day extension of time to respond to a request if it provides written notice to the requester explaining "unusual circumstances" exist that warrant additional time. 5 U.S.C. § 552(a)(6)(B).

19.     An agency must immediately notify the requester of its determination whether to comply with a request, and the reasons for it, and of the right of such person to appeal an adverse determination.  *Id.* § 552(a)(6)(A)(i).  Further, an agency shall make available a FOIA public liaison to aid the requestor in limiting the scope of the request so that it may be processed within the statutory time limit.  *Id.* § 552(a)(6)(B)(ii).

20.     An agency's failure to comply with any timing requirements is deemed constructive denial and satisfies the requester's requirement to exhaust administrative remedies. *Id.* § 552(a)(6)(C)(i).

21.     A FOIA requester who exhausts administrative remedies may petition the court for injunctive and declaratory relief from the agency's continued withholding of public records. *Id*. § 552(a)(4)(B).

## ADDITIONAL FACTS

22.     On September 8, 2017, Plaintiff sent the Request by mail and via electronic submission to OJP.  (*See* Exhibit A.)

23.     By email on September 20, 2017, OJP confirmed receipt of the Request, which it had received on September 11, 2017.  OJP assigned the Request OJP FOIA number 17-00309. In this email, OJP invoked a 10-day extension to respond to the Request, pursuant to 5 U.S.C. § 552(a)(6)(B), as "[t]he records you seek require a search in another OJP office."  (*See* Exhibit B.)

24.     In addition, the email stated, in part, that incoming requests were assigned to one of three tracks: simple, complex, or expedited; that "complex" requests usually took longer than one month to receive a response; and "at this time, your request has been assigned to the complex track."  The email stated "[y]ou may wish to narrow the scope of your request to limit the number of potentially responsive records or agree to an alternative time frame for processing, should records be located," and assigned a FOIA Public Liaison "to discuss any aspect of your request."

25.     The email included no information about Plaintiff's request for fee waiver.

26.     On October 16, 2017, Plaintiff reached out to the assigned OJP FOIA Public Liaison to discuss the status of the Request, and the potential for narrowing the issues, as

5

suggested in the September 20, 2017 email.  Plaintiff received no response.  Plaintiff reached out to the OJP FOIA Public Liaison again on November 3, 2017, and on November 13, 2017, but has received no response to any of its inquiries.  (*See* Exhibit C.)

27. As of February 7, 2018, OJP has not objected to the Request, provided any detailed information regarding specific disclosure of the records sought, nor produced any responsive documents in response to Plaintiff's September 8, 2017 Request.

28. Under FOIA, OJP was required to have provided Plaintiff with a determination on the scope of the documents it would produce and the exemptions it would claim within 20 working days of receiving the request.  5 U.S.C. § 552(a)(6)(A)(i).  OJP extended the 20-day time by citing "unusual circumstances."  *Id.* § 552(a)(6)(B).  Under the statute, OJP could only extend the 20-day time period to 10 additional working days (for a total of 30 days) or else "make available its FOIA Public Liaison" "[t]o aid the requestor" in "limit[ing] the scope of the request."  *Id.* § 552(a)(6)(B)(i)-(ii).

29. The 30-day period expired on October 23, 2017.  OJP has never provided to Plaintiff the determination required by statute, nor provided any documents, claimed any exemptions, or provided any reasonably segregable portions of records.  The FOIA Public Liaison has also never responded to any of Plaintiff's communications to discuss limiting the scope of its Request.

30. Where Defendants have failed to provide any substantive responses to the Request within the statutory timeframe, they have constructively denied the Request.  As such, Plaintiff has exhausted its administrative remedies.  *Id.* § 552(a)(6)(C)(i).

31. Because OJP failed to provide Plaintiff with the determination required in the statutory timeframe, and has failed to respond to any of Plaintiff's communications to discuss limiting the scope of its Request, FOIA prevents OJP from assessing search fees on Plaintiff for records responsive to the Request.  *Id.* § 552(a)(4)(A)(viii).

32. Because of OJP's violations of FOIA, Plaintiff has been required to expend resources to prosecute this action.

**CLAIMS FOR RELIEF**

**Claim One (Failure to Conduct Adequate Search)**

33.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

34.    Plaintiff has a statutory right to have OJP process its FOIA Request in a manner that complies with FOIA.  5 U.S.C. § 552(a)(3).  OJP violated Plaintiff's rights in this regard when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to Plaintiff's September 8, 2017 Request.

35.    Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, OJP will continue to violate Plaintiff's rights to receive public records under FOIA.

**Claim Two (Failure to Respond to Request Within Statutory Timeframe)**

36.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

37.    Defendants failed to respond to the Request within the statutorily mandated timeframe, in violation of Plaintiff's rights under FOIA, including but not limited to 5 U.S.C. § 552(a)(6)(A)(i) and (6)(B).  Defendants also effectively failed to make available the FOIA Public Liaison to assist in narrowing the scope of Plaintiff's Request to justify extending the statutorily-mandated timeline.  *Id.* § 552(a)(6)(B)(ii).

38.    Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, OJP will continue to violate Plaintiff's rights to receive public records under FOIA.

**Claim Three (Failure to Disclose Non-Exempt Records)**

39.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

40.    OJP violated FOIA by refusing to disclose records responsive to Plaintiff's September 8, 2017 FOIA Request.

41.    Plaintiff has a statutory right to the records it seeks.

42.    Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, OJP will continue to violate Plaintiff's rights to receive public records under FOIA.

7

**Claim Four (Failure to Provide Reasonably Segregable Portions of Records)**

43.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

44.     OJP violated FOIA by failing to provide Plaintiff with reasonably segregable portions of records (after deletion of portions lawfully exempt under FOIA) that are responsive to Plaintiff's September 8, 2017 FOIA Request, as required by 5 U.S.C. § 552(b).

45.     Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, OJP will continue to violate Plaintiff's rights to receive reasonably segregable portions of records (after deletion of portions lawfully exempt under FOIA).

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays that this Court:

1.     Order OJP to conduct searches that are reasonably calculated to locate all records responsive to Plaintiff's September 8, 2017 FOIA Request, with the cut-off date for such searches being the date the searches are conducted, and to provide Plaintiff, by a date certain, with all responsive records and reasonably segregable portions of responsive records sought.

2.     Declare that OJP's failure to make a timely determination regarding Plaintiff's September 8, 2017 Request, as alleged above, is unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i) and (6)(B).

3.     Declare that OJP's failure to search for and disclose to Plaintiff all records that are responsive to Plaintiff's Request, as alleged above, is unlawful under FOIA, 5 U.S.C. § 552(a)(3).

4.     Declare that OJP's failure to provide Plaintiff with reasonably segregable portions of records (after deletion of portions lawfully exempt under FOIA) that are responsive to Plaintiff's Request, as alleged above, is unlawful under FOIA, 5 U.S.C. § 552(b).

5.     Award Plaintiff its reasonable litigation costs and attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

6.     Grant such other relief as the Court may deem just and proper.

Dated:  February 7, 2018

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
SATOSHI YANAI
Supervising Deputy Attorney General
SARAH E. BELTON
LEE I. SHERMAN
Deputy Attorneys General


*/s/Lisa C. Ehrlich*

LISA C. EHRLICH
Deputy Attorney General
*Attorneys for Plaintiff*
*State of California*

9

# EXHIBIT A



*XAVIER BECERRA*
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*

1300 I STREET, SUITE 125
P.O. BOX 944255
SACRAMENTO, CA 94244-2550

Public: (916) 445-9555
Telephone: (510) 879-0173
Facsimile: (510) 622-2270
E-Mail: Lisa.Ehrlich@doj.ca.gov

September 8, 2017

**VIA ELECTRONIC DELIVERY AND U.S. MAIL**

Dorothy Lee
Office of Justice Programs
Office of the General Counsel
Attention: FOIA Staff
810 7th Street, NW
Room 5400
Washington, DC 20531

RE:    Freedom of Information Act Request Regarding Edward Byrne Memorial Justice
       Assistance Grant Program Solicitation and Awards

Dear Ms. Lee:

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, as amended, and its
implementing regulations, I hereby make this request for records on behalf of the Attorney
General of California regarding the Edward Byrne Memorial Justice Assistance Grant Program
("JAG"). This request describes: (1) the records sought, and (2) our request for a fee waiver for
production of these records.

The State of California, and its local jurisdictions, is expected to receive $28.3 million
pursuant to the FY 2017 JAG program. On July 25, 2017, the U.S. Department of Justice's
Office of Justice Programs ("DOJ OJP") announced the FY 2017 State Solicitation for JAG. The
JAG State Solicitation added two new substantive immigration enforcement-related conditions,
which the State of California is challenging in the Northern District of California. *See State of
California, ex rel. Xavier Becerra v. Sessions*, No. 17-cv-4701. On August 24, 2017, in support
of "Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction" in *The City of
Chicago v. Sessions*, No. 17-cv-5720 (N.D. Ill.), the head of DOJ OJP submitted a declaration
attaching award documents containing what he represented to be the final language for those
immigration enforcement-related conditions. According to those conditions, to receive a JAG
award, state jurisdictions must have a "State statute, or a State rule, -regulation, -policy, or -
practice … in place that is designed to ensure that": (A) "agents of the United States acting under
color of federal law in fact are given to access any State (or State-contracted) correctional facility
for the purpose of permitting such agents to meet with individuals who are (or are believed by
such agents to be) aliens and to inquire as to such individuals' right to be or remain in the United
States" (the "access condition") and (B) "when a State (or State-contracted) correctional facility

September 8, 2017
Page 2

receives from DHS a formal written request authorized by the Immigration and Nationality Act that seeks advance notice of the scheduled release date and time for a particular alien in such facility, then such facility will honor such request and – as early as practicable … provide the requested notice to DHS" (the "notification condition").

Moreover, the JAG State Solicitation includes a condition requiring jurisdictions to certify compliance with 8 U.S.C. § 1373 ("Section 1373"). In FY 2016, for the first time, OJP announced that Section 1373 is an "applicable law" under JAG, and compliance with that law would be a required condition for all grantees receiving JAG funds (the "Section 1373 condition").

On August 3, 2017, DOJ OJP announced the FY 2017 Local Solicitation for JAG, which contains the same conditions as the JAG State Solicitation. The award conditions attached to the declaration of the head of DOJ OJP contained access and notification conditions for local jurisdictions which are similar in nature to the ones for state jurisdictions. (The JAG Local Solicitation and JAG State Solicitation will be referred to, collectively, as the "JAG Solicitations," and the represented final award conditions for state and local jurisdictions will be referred to, collectively as the "represented JAG Final Award Conditions.")

Also, with respect to the FY 2016 JAG funding, DOJ OJP required the Board of State and Community Corrections ("BSCC"), the state entity that receives the State's share of JAG funding, to validate compliance with Section 1373, while not imposing the same requirement on many other grantees. The BSCC complied with this requirement in FY 2016 and validated its compliance with Section 1373 with a legal opinion from counsel, but has received no response from DOJ OJP. Instead, the United States Department of Justice ("USDOJ") and Attorney General Jefferson Sessions have left standing the unsupported assertions that they made on April 21, 2017 that the State of California has "laws that potentially violate 8 U.S.C. § 1373."[1]

We are concerned with DOJ OJP's lack of transparency in explaining the need for these conditions, and how these conditions relate to the purpose that Congress intended when creating the JAG program, and DOJ OJP's purported authority for imposing these programs. We are concerned that DOJ OJP did not consider the harm that compliance with these conditions may cause to some state and local jurisdictions that have determined such policies would undermine trust and cooperation between law enforcement and their residents, and therefore, public safety in their jurisdictions.

---

[1] U.S. Department of Justice, *Department of Justice Sends Letter to Nine Jurisdictions Requiring Proof of Compliance with 8 U.S.C. § 1373* (Apr. 21, 2017), https://www.justice.gov/opa/pr/department-justice-sends-letter-nine-jurisdictions-requiring-proof-compliance-8-usc-1373; U.S. Department of Justice, *Attorney General Jeff Sessions Delivers Remarks Before Media Availability in San Diego, California* (Apr. 21, 2017), https://www.justice.gov/opa/speech/attorney-general-jeff-sessions-delivers-remarks-media-availability-san-diego-california.

September 8, 2017
Page 3

Request for Records

To better understand DOJ OJP's justification in adding these conditions, the Attorney General of California respectfully requests that DOJ OJP produce a copy of all of the records enumerated below (in electronic format, or print versions if electronic versions are not available) relating to OJP's decision to introduce immigration enforcement-related conditions to the JAG Solicitations and represented JAG Final Award Conditions. We also respectfully request that DOJ OJP produce a copy of all of the records enumerated below relating to DOJ OJP's decision to require the BSCC to validate compliance with Section 1373 in FY 2016. As you are aware, DOJ OJP is subject to the requirements of FOIA.

In particular, we request all records, as that term has been defined by the Act and interpreted by the courts (e.g., 5 U.S.C. § 552(f)(2)). Please provide these records on a rolling basis and in a readily-accessible, electronic format, either in ".pdf," or native form for excel spreadsheets. *See* 5 U.S.C. § 552(a)(3)(B). If DOJ OJP has destroyed or otherwise deems any requested record or portion of a record exempt from disclosure pursuant to one or more 5 U.S.C. § 552(b) exemptions, then please provide an explanation for the destruction or the basis for withholding the record or portion of a record, including (i) basic factual information about each destroyed or withheld record (author(s), recipient(s), date, length, subject matter, and location), (ii) the justification for the destruction or claimed exemption(s), and (iii) the interest protected by the exemption(s) that disclosure would harm. 5 U.S.C. § 552(a)(8)(A).

The Attorney General of California respectfully requests the following records relating to the 2016 JAG Award, 2017 JAG Solicitations, and the represented JAG Final Award Conditions:

1. All records relating to the decision to make Section 1373 an "applicable law" to JAG;

2. All records containing any explanation as to how Section 1373 is "applicable" to the JAG authorizing statute, or to Congress's intent in authorizing JAG;

3. All records relating to the decision to require BSCC to validate compliance with Section 1373 as a condition for receiving JAG funding in FY 2016;

4. Records sufficient to identify all jurisdictions that were required to validate compliance with Section 1373 as a condition for receiving JAG funding in FY 2016;

5. All records that support USDOJ's April 21 statement that the State of California has "laws that potentially violate 8 U.S.C. § 1373";

6. All records relating to the decision to include the Section 1373 condition in the 2017 JAG Solicitations and represented JAG Final Award Conditions;

September 8, 2017
Page 4

7. All records relating to the decision to include the access condition in the 2017 JAG Solicitations and represented JAG Final Award Conditions;

8. All records relating to the decision to include the notification condition in the 2017 JAG Solicitations and represented JAG Final Award Conditions;

9. All records containing an explanation as to how the access condition is related to Congress's intent in authorizing JAG;

10. All records containing an explanation as to how the notification condition is related to Congress's intent in authorizing JAG;

11. All records, including but not limited to, studies, data, evidence, or other materials that DOJ OJP considered in relation to the decision to make Section 1373 an "applicable law" to JAG;

12. All records, including but not limited to, studies, data, evidence, or other materials that DOJ OJP considered in relation to the decision to include the Section 1373 condition in the 2017 JAG Solicitations and represented JAG Final Award Conditions;

13. All records, including but not limited to, studies, data, evidence, or other materials that DOJ OJP considered in relation to the decision to include the access condition in the 2017 JAG Solicitations and represented JAG Final Award Conditions;

14. All records, including but not limited to, studies, data, evidence, or other materials that DOJ OJP considered in relation to the decision to include the notification condition in the 2017 JAG Solicitations and represented JAG Final Award Conditions;

15. All records, including but not limited to, studies, data, evidence, or other materials that DOJ OJP considered in relation to the decision to require BSCC to validate compliance with Section 1373 as a condition for receiving JAG funding in FY 2016;

16. All records identifying or explaining the statutory authority that DOJ OJP relies on to include the Section 1373 condition in the 2017 JAG Solicitations and represented JAG Final Award Conditions;

17. All records identifying or explaining the statutory authority that DOJ OJP relies on to include the access condition in the 2017 JAG Solicitations and represented JAG Final Award Conditions;

September 8, 2017
Page 5

      18. All records identifying or explaining the statutory authority that DOJ OJP relies on to include the notification condition in the 2017 JAG Solicitations and represented JAG Final Award Conditions; and

      19. All records relating to DOJ OJP's authority to add "special conditions" pursuant to 42 U.S.C. § 3712(a)(6).

The Attorney General believes that the documents sought are publicly available, of great public interest, and not exempt from required disclosure under FOIA. Please forward this request to any other offices that may be in possession of the requested documents. In addition, given that disclosure of these records would be in the public interest, even if you determine that certain of the documents sought are exempt under FOIA, the Attorney General requests that you disclose these documents as a matter of agency discretion.

### Request for a Fee Waiver

The California Attorney General's Office is a noncommercial organization not subject to review fees. In addition, the Attorney General requests a waiver of searching and copying fees associated with these requests. Under FOIA, agencies must waive such fees where disclosure is likely to contribute significantly to public understanding of the operations and activities of the government and disclosure is not primarily in the commercial interest of the requester. 5 U.S.C. § 552(a)(4)(A)(iii). DOJ has incorporated this requirement in its regulations for responding to FOIA requests. 28 C.F.R. § 16.10. Under the criteria set forth in the USDOJ regulations, such a waiver is appropriate here, as explained below.

*"Disclosure of the requested information would shed light on the operations or activities of the government. The subject of the request must concern identifiable operations or activities of the Federal Government with a connection that is direct and clear, not remote or attenuated."* 28 C.F.R. § 16.10(k)(2)(i).

These requests explicitly concern only the operation or activities of the federal government. Specifically, they concern the decision of the federal DOJ OJP to include three substantive conditions on the disbursement of federal funds to states and localities, and to require BSCC, but not many other jurisdictions, to validate compliance with Section 1373 in FY 2016. These are direct and clear actions by the federal government that have a direct impact on state and local governments.

*"Disclosure of the requested information would be likely to contribute significantly to public understanding of those operations or activities."* 28 C.F.R. § 16.10(k)(2)(ii).

This disclosure would be likely to contribute significantly to the public understanding of the federal government's decision to impose these new substantive conditions on the disbursement of federal funds appropriated by Congress. The 2017 JAG Solicitations and Final Award Conditions include no explanation of these new conditions or the reasoning behind their imposition, nor has DOJ OJP identified the evidence that it relied on in making this decision. And in FY 2016, DOJ OJP never explained why it was selectively requiring BSCC to validate

September 8, 2017
Page 6

compliance with Section 1373, but not many other jurisdictions. Thus, this information is not already in the public domain. *See* 28 C.F.R. § 16.10(k)(2)(ii)(A).

Moreover, the disclosure will contribute to the understanding of a broad audience of persons interested in the subject. *See* 28 C.F.R. § 16.10(k)(2)(ii)(B). There is no question that the distribution of federal funds itself is a matter of significant public interest, and impacts all residents of California (and the other 49 states), whose state and local law enforcement entities rely on this funding to enhance public safety. The California Attorney General, who is the chief law officer for the State of California and its more than 39 million residents, has a role in determining whether state laws are in compliance with these new substantive conditions. At a minimum, we intend to share the disclosed records with other JAG grantees and sub grantees, something that will be of "great benefit to the public at large" as we continue to advocate for strong public safety policies. In addition, our office engages regularly with the public and serves as a source of information to promote the public's understanding through speaking engagements, press releases, and other social media. Those public outreach actions, coupled with our expertise in both administrative and criminal justice law, make our office well suited to disseminate more broadly, which we also plan to do, any notable records disclosed as part of this request.

*"The disclosure must not be primarily in the commercial interest of the requester."* 28 C.F.R. § 16.10(k)(2)(iii).

The California Attorney General is a public officer acting on behalf of the State and the public pursuant to the California Constitution, statutory authority, and common law. See Cal. Const. art. V, § 13; Cal. Gov't Code § 12511; *D'Amico v. Board of Medical Examiners*, 11 Cal.3d 1, 14-15 (1974). The information sought in this FOIA request will assist the Attorney General in representing the 39 million people of California. Disclosure of the documents sought "is likely to contribute significantly to public understanding of the operations or activities of the Government," and the materials requested are not sought for any commercial purpose.

Please send all requested materials to my attention, at the address provided above, within 20 business days as required by FOIA. Please call me at 510-879-0173 if you have any questions about this request.

Sincerely,

LISA C. EHRLICH
Deputy Attorney General

For    XAVIER BECERRA
       Attorney General

# EXHIBIT B

| | |
|---|---|
| **From:** | Hawkins, Lynette (OJP) |
| **To:** | Lisa Ehrlich |
| **Cc:** | FOIAOJP |
| **Subject:** | Re: OJP FOIA No. 17-00309 |
| **Date:** | Wednesday, September 20, 2017 9:32:59 AM |
| **Attachments:** | 17-00309 Request.pdf |

Dear Ms. Ehrlich:

This is to acknowledge receipt of your Freedom of Information Act/Privacy Act request, dated September 8, 2017, and received in the Office of Justice Programs (OJP), Office of the General Counsel, on September 11, 2017.  A copy of your request is attached for your convenience.

The records you seek require a search in another OJP office and so your request falls within "unusual circumstances." See 5 U.S.C. § 552(a)(6)(B)(i)-(iii). Because of these unusual circumstances, we are extending the time limit to respond to your request beyond the ten additional days provided by the statute. We have not yet completed a search to determine whether there are records within the scope of your request. The time needed to process your request will necessarily depend on the complexity of our records search and on the volume and complexity of any records located. For your information, this Office assigns incoming requests to one of three tracks: simple, complex, or expedited. Each request is then handled on a first-in, first-out basis in relation to other requests in the same track. Simple requests usually receive a response in approximately one month, whereas complex requests necessarily take longer. At this time, your request has been assigned to the complex track. You may wish to narrow the scope of your request to limit the number of potentially responsive records or agree to an alternative time frame for processing, should records be located; or you may wish to await the completion of our records search to discuss either of these options.

Your request is assigned to Tyra Wiseman, FOIA Contract Paralegal, for processing.  If you have any questions or wish to discuss reformulation or an alternative time frame for the processing of your request, you may contact Ms. Wiseman by telephone at (202) 307-6235, via e-mail at Tyra.Wiseman@usdoj.gov , or you may write to this office at OJP, 810 7th Street, N.W., Room 5400, Washington, D.C. 20531.  Please include the above-referenced OJP FOIA number.  Lastly, you may contact our FOIA Public Liaison at the above telephone number to discuss any aspect of your request.

Sincerely,

FOIAOJP

# EXHIBIT C

| From: | Lisa Ehrlich |
|---|---|
| To: | "Hawkins, Lynette (OJP)" |
| Cc: | "FOIAOJP"; "Tyra.Wiseman@usdoj.gov"; "Simpson, Scott (CIV)"; "Konkoly, Antonia (CIV)" |
| Subject: | RE: OJP FOIA No. 17-00309 |
| Date: | Monday, November 13, 2017 4:07:00 PM |

Dear Ms. Hawkins and Ms. Wiseman,

I am again following up on the below inquiry.  Please let me know some times to you available to discuss these issues this week.

Sincerely,
Lisa Ehrlich

---

**From:** Lisa Ehrlich
**Sent:** Friday, November 03, 2017 8:28 AM
**To:** 'Hawkins, Lynette (OJP)' <Lynette.Hawkins@usdoj.gov>
**Cc:** 'FOIAOJP' <FOIAOJP@usdoj.gov>; 'Tyra.Wiseman@usdoj.gov' <Tyra.Wiseman@usdoj.gov>; 'Simpson, Scott (CIV)' <Scott.Simpson@usdoj.gov>
**Subject:** RE: OJP FOIA No. 17-00309

Dear Ms. Hawkins and Ms. Wiseman,

I am following up on the below email.  Please let me know some times you are available to discuss these issues next week.

Sincerely,
Lisa Ehrlich

Lisa C. Ehrlich
Deputy Attorney General
Civil Rights Enforcement Section
California Department of Justice
1515 Clay Street, Suite 2000
Oakland, CA 94612
510-879-0173

---

**From:** Lisa Ehrlich
**Sent:** Monday, October 16, 2017 3:59 PM
**To:** 'Hawkins, Lynette (OJP)' <Lynette.Hawkins@usdoj.gov>
**Cc:** FOIAOJP <FOIAOJP@usdoj.gov>; 'Tyra.Wiseman@usdoj.gov' <Tyra.Wiseman@usdoj.gov>; 'Simpson, Scott (CIV)' <Scott.Simpson@usdoj.gov>
**Subject:** RE: OJP FOIA No. 17-00309

Dear Ms. Hawkins and Ms. Wiseman,

Thank you for your correspondence.  We would like to set up a time to discuss the scope of the requests.  Please let me know some times you are available to discuss this week.

Sincerely,
Lisa Ehrlich

Lisa C. Ehrlich
Deputy Attorney General
Civil Rights Enforcement Section
California Department of Justice
1515 Clay Street, Suite 2000
Oakland, CA 94612
510-879-0173

---

**From:** Hawkins, Lynette (OJP) [mailto:Lynette.Hawkins@usdoj.gov]
**Sent:** Wednesday, September 20, 2017 9:32 AM
**To:** Lisa Ehrlich <Lisa.Ehrlich@doj.ca.gov>
**Cc:** FOIAOJP <FOIAOJP@usdoj.gov>
**Subject:** Re: OJP FOIA No. 17-00309

Dear Ms. Ehrlich:

This is to acknowledge receipt of your Freedom of Information Act/Privacy Act request, dated September 8, 2017, and received in the Office of Justice Programs (OJP), Office of the General Counsel, on September 11, 2017.  A copy of your request is attached for your convenience.

The records you seek require a search in another OJP office and so your request falls within "unusual circumstances." See 5 U.S.C. § 552(a)(6)(B)(i)-(iii). Because of these unusual circumstances, we are extending the time limit to respond to your request beyond the ten additional days provided by the statute. We have not yet completed a search to determine whether there are records within the scope of your request. The time needed to process your request will necessarily depend on the complexity of our records search and on the volume and complexity of any records located. For your information, this Office assigns incoming requests to one of three tracks: simple, complex, or expedited. Each request is then handled on a first-in, first-out basis in relation to other requests in the same track. Simple requests usually receive a response in approximately one month, whereas complex requests necessarily take longer. At this time, your request has been assigned to the complex track. You may wish to narrow the scope of your request to limit the number of potentially responsive records or agree to an alternative time frame for processing, should records be located; or you may wish to await the completion of our records search to discuss either of these options.

Your request is assigned to Tyra Wiseman, FOIA Contract Paralegal, for processing.  If you have any questions or wish to discuss reformulation or an alternative time frame for the processing of your

request, you may contact Ms. Wiseman by telephone at (202) 307-6235, via e-mail at
Tyra.Wiseman@usdoj.gov , or you may write to this office at OJP, 810 7th Street, N.W., Room 5400,
Washington, D.C. 20531.  Please include the above-referenced OJP FOIA number.  Lastly, you may
contact our FOIA Public Liaison at the above telephone number to discuss any aspect of your
request.

Sincerely,

FOIAOJP