1 | XAVIER BECERRA
Attorney General of California
2 | SATOSHI YANAI
Supervising Deputy Attorney General
3 | SARAH E. BELTON
LEE I. SHERMAN
4 | LISA C. EHRLICH (SBN 270842)
Deputy Attorneys General
5 | 1515 Clay Street, 20th Floor
P.O. Box 70550
6 | Oakland, CA 94612-0550
Telephone: (510) 879-0173
7 | Fax: (510) 622-2270
E-mail: Lisa.Ehrlich@doj.ca.gov

Attorneys for Plaintiff State of California

ALEX G. TSE (CABN 152348)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
MICHELLE LO (NYBN 4325163)
Assistant United States Attorney
　　450 Golden Gate Avenue, Box 36055
　　San Francisco, California 94102
　　Telephone: (415) 436-7180
　　Facsimile:  (415) 436-6748
　　Email:  Michelle.Lo@usdoj.gov

Attorneys for Defendants United States Department of Justice
and Office of Justice Programs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE and OFFICE OF JUSTICE PROGRAMS,<br><br>　　　　　Defendants. | Case 3:18-cv-00805-JCS<br><br>**JOINT INITIAL CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:　August 17, 2018<br>Time:　2:00 p.m.<br>Place:　Courtroom G, 15th Floor<br><br>Honorable Joseph C. Spero |

Plaintiff, State of California, and Defendants, United States Department of Justice ("DOJ") and Office of Justice Programs ("OJP"), jointly submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California and the Court's Order Setting Initial Case Management Conference and ADR Deadlines (ECF No. 5).

1. **Jurisdiction and Service**: This is an action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended. Defendants do not contest the Court's subject matter jurisdiction. Defendants have been properly served.

2. **Facts**:

As alleged in the complaint, on September 8, 2017, Plaintiff sent a FOIA request to OJP ("Request"), seeking 19 categories records concerning the process OJP has undertaken to add immigration enforcement related conditions and certification requirements for the Edward Byrne Memorial Justice Assistance Grant Program ("JAG"), and OJP's decision and statements surrounding the requirement that the California Board of State and Community Corrections submit a legal opinion verifying compliance with 8 U.S.C. § 1373. Plaintiff's Request asked for information about the process for including three immigration enforcement-related conditions added to the JAG program, which Plaintiff is separately challenging in *State of California, ex rel. Xavier Becerra v. Sessions*, No. 17-cv-4701 (N.D. Cal. filed Aug. 14, 2017). Thereafter, Plaintiff filed this action on February 7, 2018.

OJP produced an initial set of responsive records on February 28, 2018, and April 2, 2018. The parties have engaged in cooperative and productive communications on the scope of Plaintiff's FOIA request and OJP's response. Following these discussions, Plaintiff narrowed its FOIA request to Subparts 1, 17, 18, and 19, and agreed not to pursue the remainder of its FOIA request. The parties also reached agreement on the search terms to be used, the applicable time period, and the relevant custodians. OJP has completed its searches of the relevant custodians using the search terms agreed upon by the parties. Plaintiff has agreed that OJP may exclude from its FOIA review documents that have already been produced and/or logged in the separate litigation, *State of California, ex rel. Xavier Becerra v. Sessions*, No. 17-cv-4701-WHO (N.D. Cal. filed Aug. 14, 2017). The parties have agreed

upon a reasonable proposed timetable for the review and release of documents potentially responsive to Subparts 1, 17, 18, and 19 that remain after this de-duplication process.

By agreement of the parties, OJP also referred the FOIA request to DOJ's Office of Legislative Affairs ("OLA").  The parties have also been conferring about the scope of the search for responsive, non-exempt records conducted by the Office of Information Policy ("OIP"), which processes FOIA requests on behalf of OLA.  On July 16, 2018, OIP produced an interim response to Subparts 1, 17, 18, and 19 of Plaintiff's FOIA request.  OIP expects to produce another interim response by September 15, 2018.  Finally, OIP has also agreed to undertake a search for emails between Peter Kadzik and Congress responsive to Subparts 1, 17, 18, or 19 of the FOIA request for a limited time period.

3. **Legal Issues**:  The parties believe that it may be necessary to brief the following legal issue in cross-motions for summary judgment:  Whether Defendants have conducted an adequate search for records responsive to Plaintiff's FOIA request, as narrowed, and properly applied exemptions.

4. **Motions**:  There are no prior or pending motions.  If this matter is not resolved between the parties, they anticipate filing cross-motions for summary judgment.

5. **Amendment of Pleadings**:  The parties do not believe that amendment of pleadings will be necessary.

6. **Evidence Preservation**:  The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and confirm that the parties have met and conferred pursuant to Rule 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7. **Disclosures**:  The parties agree and stipulate pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) that initial disclosures are not necessary, as this is a FOIA action.

8. **Discovery**:  To date, the parties have not taken any discovery and do not anticipate based on current information that discovery will be necessary in this case.  Defendants note that discovery is generally not appropriate in FOIA actions.  *See Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (noting that discovery is limited in FOIA cases "because the underlying case revolves around the propriety of revealing certain documents").

9. **Class Actions**: Not applicable.

10. **Related Cases**: The parties are not aware of any related cases.

11. **Relief**: Plaintiff seeks declaratory and injunctive relief, as well as costs and reasonable attorneys' fees. Defendants seek a complete defense judgment, dismissal and costs.

12. **Settlement and ADR**: The parties have been meeting and conferring and intend to further meet and confer in an attempt to narrow the scope of their dispute. The parties thus respectfully request that the Court allow this process to continue before ruling on any ADR process. If it should become necessary, the parties request a settlement conference with a magistrate judge.

13. **Consent to Magistrate Judge for All Purposes**: The parties have consented to a magistrate judge.

14. **Other References**: Not applicable.

15. **Narrowing of Issues**: The parties are meeting and conferring in an attempt to narrow the issues in dispute and will continue to do so.

16. **Expedited Trial Procedure**: The parties agree that this case is not suitable to be handled under the Expedited Trial Procedure of General Order 64.

17. **Scheduling**: The parties have engaged in a number of productive discussions to narrow the scope of issues that require active litigation, and respectfully request that the Court permit this process to continue. The parties further request that the Court either set a further case management conference or order a case status update in November 2018.

**OJP**: Plaintiff and OJP have agreed upon a reasonable proposed timetable for the review of potentially responsive documents that remain after OJP excludes from its FOIA review documents that have already been produced and/or logged in the separate litigation, *State of California, ex rel. Xavier Becerra v. Sessions*, No. 17-cv-4701-WHO (N.D. Cal. filed Aug. 14, 2017). Under this timetable, OJP will release all responsive, non-exempt documents from this review on a monthly basis, with the first release date set as September 15, 2018, and continuing on a monthly basis thereafter until production is complete. OJP shall not seek an extension of this schedule without good cause.

  **OLA**: OIP expects to produce another interim response by September 15, 2018. OIP anticipates that its additional search for emails between Peter Kadzik and Congress responsive to Subparts 1, 17, 18, or 19 of the FOIA request should be completed in early October and will begin producing any non-exempt, responsive records within 45 days after the search is complete.

  18. **Trial**: The parties anticipate that this matter will be resolved on motion practice and that no bench trial will be necessary in this matter.

  19. **Disclosure of Non-party Interested Entities or Persons**: Plaintiff and Defendants are governmental entities and are exempt from Civil Local Rule 3-15.

  20. **Professional Conduct**: Counsel for the parties are familiar with and have reviewed the Guidelines for Professional Conduct for the Northern District of California.

  21. **Other matters**: None.

Dated: August 8, 2018          Respectfully submitted,

                 XAVIER BECERRA
                 Attorney General of California
                 SATOSHI YANAI
                 Supervising Deputy Attorney General
                 SARAH E. BELTON
                 LEE I. SHERMAN
                 Deputy Attorneys General

                 */s/Lisa C. Ehrlich*
                 LISA C. EHRLICH
                 Deputy Attorney General
                 *Attorneys for Plaintiff State of California*

Dated: August 8, 2018          ALEX G. TSE
                 United States Attorney

                 */s/ Michelle Lo*
                 MICHELLE LO
                 Assistant United States Attorney
                 Attorneys for Defendant

### ECF ATTESTATION

In accordance with Civil Local Rule 5(i)(3), I, Michelle Lo, attest that I have obtained concurrence in the filing of this document from the other signatory listed here.