1  XAVIER BECERRA
   Attorney General of California
2  SATOSHI YANAI
   Supervising Deputy Attorney General
3  SARAH E. BELTON
   LEE I. SHERMAN
4  LISA C. EHRLICH (SBN 270842)
   Deputy Attorneys General
5  1515 Clay Street, 20th Floor
   P.O. Box 70550
6  Oakland, CA 94612-0550
   Telephone: (510) 879-0009
7  Fax: (510) 622-2270
   E-mail: Sarah.Belton@doj.ca.gov

8
   Attorneys for Plaintiff State of California
9
   ALEX G. TSE (CABN 152348)
10 United States Attorney
   SARA WINSLOW (DCBN 457643)
11 Chief, Civil Division
   MICHELLE LO (NYBN 4325163)
12 Assistant United States Attorney
          450 Golden Gate Avenue, Box 36055
13        San Francisco, California 94102
          Telephone: (415) 436-7180
14        Facsimile:  (415) 436-6748
          Email:  Michelle.Lo@usdoj.gov
15
   Attorneys for Defendants United States Department of Justice
16 and Office of Justice Programs

17              UNITED STATES DISTRICT COURT

18              NORTHERN DISTRICT OF CALIFORNIA

19                 SAN FRANCISCO DIVISION

20

| | |
|---|---|
| 21  STATE OF CALIFORNIA, | Case 3:18-cv-00805-JCS |
| 22         Plaintiff, | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| 23     v. | Date:   November 16, 2018 |
| 24  UNITED STATES DEPARTMENT OF JUSTICE and OFFICE OF JUSTICE PROGRAMS, | Time:   2:00 p.m. Place:  Courtroom G, 15th Floor |
| 25         Defendants. | Honorable Joseph C. Spero |
| 26 | |
| 27 | |
| 28 | |

In accordance with Civil Local Rule 16-10(d) and the Court's Order of August 14, 2018, Plaintiff, State of California, and Defendants, United States Department of Justice ("DOJ") and Office of Justice Programs ("OJP"), jointly submit this Case Management Statement in advance of the Initial Case Management Conference set for November 16, 2018.  The parties filed an initial case management statement on August 8, 2018.  ECF No. 20.  The parties report below on progress since the last statement was filed and submit a proposal for further proceedings in this case.

## I.      Background of FOIA Request

As alleged in the complaint, on September 8, 2017, Plaintiff sent a FOIA request to OJP ("Request"), seeking 19 categories of records concerning the process OJP has undertaken to add immigration enforcement related conditions and certification requirements for the Edward Byrne Memorial Justice Assistance Grant Program ("JAG"), and OJP's decision and statements surrounding the requirement that the California Board of State and Community Corrections submit a legal opinion verifying compliance with 8 U.S.C. § 1373.  Plaintiff's Request asked for information about the process for including three immigration enforcement-related conditions added to the JAG program, which Plaintiff is separately challenging in *State of California, ex rel. Xavier Becerra v. Sessions*, No. 17-cv-4701-WHO (N.D. Cal. filed Aug. 14, 2017).  Following discussions between the parties, Plaintiff narrowed its FOIA request to Subparts 1, 17, 18, and 19, and agreed not to pursue the remainder of its FOIA request.  The parties also reached agreement on the search terms to be used, the applicable time period, and the relevant custodians.  By agreement of the parties, OJP also referred the FOIA request to DOJ's Office of Legislative Affairs ("OLA").

The parties have conferred on multiple occasions about issues relating to the scope of the search for responsive, non-exempt records conducted by OJP and the Office of Information Policy ("OIP"), which processes FOIA requests on behalf of OLA.  The parties believe that these discussions have been productive and have allowed the parties to narrow several issues in dispute.

## II.     Status of OJP's and OLA's Response to FOIA Request

**OJP:**  OJP has completed its searches of the relevant custodians using the search terms agreed upon by the parties.  Plaintiff agreed that OJP may exclude from its FOIA review documents that were

1  already produced and/or logged in the separate litigation, *State of California, ex rel. Xavier Becerra v.*

2  *Sessions*, No. 17-cv-4701-WHO.  The parties agreed upon a timetable for the review and release of

3  documents potentially responsive to Subparts 1, 17, 18, and 19 that remained after this de-duplication

4  process.  Due to the incompatibility of different technology platforms used to review documents in this

5  FOIA litigation and the separate merits litigation, OJP was unable to do a direct comparison of the

6  records that had been previously produced against the records yielded by the FOIA search.  OJP was,

7  however, able to confirm that the majority of records yielded by the FOIA search terms had been

8  reviewed in the separate litigation by OJP staff.  There was a subset of the records that had been marked

9  as nonresponsive in the merits litigation that included correspondence from three Bureau of Justice

10  Assistance custodians -- Tracey Trautman; Denise O'Donnell; and Jon Adler -- with other jurisdictions.

11  Plaintiff agreed to further narrow the search of documents from those three BJA custodians (Trautman,

12  O'Donnell, and Adler) for records responsive to Subpart 1, which seeks "[a]ll records relating to the

13  decision to make Section 1373 an 'applicable law' to JAG."  To focus its review, OJP limited its search

14  of those BJA custodians to "1373 AND condition," which yielded 2,319 documents totaling 43,873

15  pages.  OJP is making best efforts to complete processing of these remaining 43,873 pages by early

16  2019 and will produce documents on a rolling basis at the end of each month, beginning November 30,

17  2018.  OJP will also provide the Plaintiff with status updates about its processing with each rolling

18  production.  The parties agree that once the review and production are completed, this will conclude

19  OJP's response to the FOIA request.

20      **OLA**:  On July 16, 2018 and September 14, 2018, OIP (on behalf of OLA) produced non-exempt

21  records responsive to Subparts 1, 17, 18, and 19 of the FOIA request located from its search of the

22  Departmental Executive Secretariat.  OIP's search for emails between Peter Kadzik and Congress for a

23  limited time period is ongoing.  The component that was conducting the email searches experienced an

24  unexpected technical glitch, which delayed OIP's projected timeline for the completion of the search for

25  emails between Peter Kadzik and Congress.  Based on OIP's best estimate at this time, OIP expects to

26  get the search results back by the end of November or early December, and anticipates that its review

27

28

and production could be completed by the end of December at the earliest and early January at the latest. The parties agree on this revised timeline.

## III.     Recommendation for Further Proceedings

The parties request that the Court set a case management conference for February 15, 2019, at which time the parties will be able to report whether any issues remain in dispute in this litigation.

Dated: November 9, 2018                          Respectfully submitted,

XAVIER BECERRA
Attorney General of California
SATOSHI YANAI
Supervising Deputy Attorney General
LISA C. EHRLICH
LEE I. SHERMAN
Deputy Attorneys General

*/s/Sarah E. Belton*
SARAH E. BELTON
Deputy Attorney General
*Attorneys for Plaintiff State of California*

Dated: November 9, 2018                          ALEX G. TSE
United States Attorney

*/s/ Michelle Lo*
MICHELLE LO
Assistant United States Attorney
Attorneys for Defendant

## ECF ATTESTATION

In accordance with Civil Local Rule 5(i)(3), I, Michelle Lo, attest that I have obtained concurrence in the filing of this document from the other signatory listed here.